# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JUSTIN STEWART,**
**Claimant Below, Petitioner**

**vs.) No. 22-ICA-181**          (JCN: 2021005972)

**TOYOTA MOTOR MANUFACTURING WV, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Justin Stewart appeals the October 17, 2022, Order of the Workers' Compensation Board of Review ("Board"). Respondent Toyota Motor Manufacturing WV Inc. ("Toyota") filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in affirming the claim administrator's decision to grant petitioner a 4% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 5111-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's Order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 30, 2020, Mr. Stewart injured his right knee in the course of and resulting from his employment. Mr. Stewart was initially diagnosed with a right knee sprain, but an MRI later revealed that he had sustained a torn anterior cruciate ligament and a tear in the meniscus. Subsequently, the claim administrator held the claim compensable and authorized an arthroscopic partial medial meniscectomy and reconstruction of the cruciate and anterior cruciate ligaments. Mr. Stewart underwent these procedures on December 3, 2020.

Following the surgery, Mr. Stewart began the process of physical therapy. By May 5, 2021, Mr. Stewart had made significant progress in his physical therapy and reported no tightness or pain, walking without issue, increased strength, and improvement with jogging. Mr. Stewart had equal knee flexion noted bilaterally. On May 18, 2021, Mr. Stewart was examined by Tyler John Halstead, PA-C, and reported no pain and that he felt able to return to work. Mr. Halstead noted improved range of motion, strength, and stability

---

[1] Petitioner is represented by William B. Gerwig III, Esq. Respondent is represented by Tracey B. Eberling, Esq.

in Mr. Stewart's right knee, and released him back to work as of the following week. A physical therapy discharge note, dated June 7, 2021, indicated that Mr. Steward had progressed "very well" and had returned to running, jumping, lifting, and advanced strength/agility training. As such, Mr. Stewart was discharged from services.

On July 12, 2021, Mr. Stewart underwent an independent medical evaluation ("IME") performed by Prasadarao Mukkamala, M.D. Upon examination, Dr. Mukkamala noted "slight limitation of motion at the right knee" and a slight limp. However, there was no deformity and "no instability whatsoever." Dr. Mukkamala noted that Mr. Stewart's range of motion measured 120 degrees flexion and 5 degrees of flexion contracture. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("the *Guides*"), Dr. Mukkamala assessed 4% whole person impairment due to Mr. Stewart's mild limitation of motion in the right knee. He also assessed 1% whole person impairment due to mild atrophy in the left calf. However, because the *Guides* allow for only one of the two ratings to be used, Dr. Mukkamala concluded that Mr. Stewart had 4% whole person impairment. Based on Dr. Mukkamala's recommendation, the claim administrator granted Mr. Stewart a 4% PPD award on July 19, 2021. Mr. Stewart protested.

Bruce Guberman, M.D., performed an IME of Mr. Stewart on September 22, 2021. Mr. Stewart reported daily pain in his right knee, along with stiffness, weakness, and instability. Dr. Guberman noted moderate tenderness and mild crepitations in the right knee. Mr. Stewart's range of motion measured 106 degrees flexion and could not be extended beyond 11 degrees of flexion. Using the *Guides*, Dr. Guberman found 8% whole person impairment based on the range of motion in Mr. Stewart's right knee. Dr. Guberman noted that Mr. Stewart's range of motion had worsened since Dr. Mukkamala's evaluation, which accounted for the difference between their impairment ratings.

The Board affirmed the claim administrator's order granting Mr. Stewart a 4% PPD award. The Board noted the differences between the range of motion findings of Dr. Mukkamala and Dr. Guberman. It further noted that physical therapy records from March of 2021 indicated that Mr. Stewart's right knee AROM flexion was 125 degrees, and the right knee PROM flexion was 135 degrees. The physical therapy records indicated that Mr. Stewart's right knee range of motion had improved and was in the normal range as of the time of his discharge from those services. Physical therapy records from that time also indicated that Mr. Stewart had equal knee flexion bilaterally. As such, the Board concluded that Dr. Mukkamala's impairment rating was valid and reliable, and that Dr. Guberman's impairment rating was not supported by the preponderance of the evidence. Mr. Stewart now appeals the Board's October 17, 2022, order affirming the 4% PPD award.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Mr. Stewart argues that the Board erred in affirming the claim administrator's grant of a 4% PPD award rather than adopting the 8% PPD award as supported by Dr. Guberman. According to Mr. Stewart, both Dr. Mukkamala and Dr. Guberman properly performed their examinations and documented specific whole person impairment in accordance with the *Guides*. As such, he contends that the issue should be resolved in the manner most consistent with his position. *See* W. Va. Code § 23-4-1g(a) (2003).[2] While Mr. Stewart acknowledges that the two physicians found different measurements in their range of motion testing, he argues that the physicians are not at odds. Rather, the difference is due to Mr. Stewart's condition worsening after his physical therapy services were discharged. Mr. Stewart contends that, by the time Dr. Guberman evaluated him, his impairment had increased to 8% whole person impairment, which was not subsequently rebutted by any evidence. As such, Mr. Stewart avers that the Board erred in affirming the lower of the two recommended impairment ratings.

Upon our review, we find that Mr. Stewart failed to demonstrate that the Board's findings and conclusions were clearly wrong. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 2, *Stewart v. W. Va. Bd. of Examiners for Registered Pro. Nurses*, 197 W. Va. 386, 475 S.E.2d 478 (1996) (citations omitted). With this high standard in mind, we are unable to conclude that the Board erred in affirming the claim administrator's order granting Mr. Stewart a 4% PPD award in accordance with Dr. Mukkamala's opinion. The Board found that Mr.

---

[2] Pursuant to West Virginia Code § 23-4-1g(a), in part, "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted."

Stewart's physical therapy records from March and May of 2021 demonstrated that he had made great strides in his recovery, had equal range of motion/flexion in his knees, and had resumed running, jumping, lifting, and advanced strength/agility training. Dr. Mukkamala's evaluation was largely consistent with the findings in the physical therapy notes, noting only mild limitation of motion in the right knee. Dr. Guberman's evaluation, on the other hand, noted an inexplicable worsening in Mr. Stewart's condition and range of motion testing results not otherwise supported by the evidence of record. Given the evidence before us, we conclude that the Board did not clearly err in affirming the 4% PPD award, and Mr. Stewart is entitled to no relief in this regard.

       Accordingly, we affirm.

Affirmed.

**ISSUED:** January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen