# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**GARY WHITED,**
**Claimant Below, Petitioner**

**vs.) No. 22-ICA-300**          (JCN: 2019006554)

**BLACKHAWK MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary Whited appeals the November 16, 2022, Order of the Workers' Compensation Board of Review ("Board"). Respondent Blackhawk Mining, LLC filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in reversing the claim administrator's decision to grant petitioner no additional permanent partial disability ("PPD") above a previous award of 3% and instead granting him an additional 2% PPD award for a total of a 5% PPD award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's Order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Relevant to this appeal, Mr. Whited previously sustained non-compensable injuries to his left wrist and forearm. Specifically, Mr. Whited fractured his wrist as a child and, more recently, fractured his left forearm in an accident in 2003, which resulted in surgery and internal plate and screw fixation.

Regarding the instant workplace injury, Mr. Whited sustained multiple facial fractures and a left wrist fracture on September 6, 2018, when a fire hose burst, and the nozzle struck him in the face. On May 29, 2019, in two separate orders, the claim administrator held the following as compensable conditions in the claim: LeFort II fracture, LeFort III fracture, zygomatic fracture, nasal bone fractures, fracture of the orbital floor, fracture of the mandible, laceration without foreign body, dental fracture/dislocation/avulsion, and left ulna styloid fracture. Mr. Whited underwent multiple facial and sinus surgeries related to his facial fractures.

---

[1] Petitioner is represented by Stephen P. New, Esq., and Amanda J. Taylor, Esq. Respondent is represented by Sean Harter, Esq.

1

When the time came to assess Mr. Whited's permanent disability resulting from the work-related injury, he underwent an independent medical evaluation ("IME") performed by Joseph Grady, M.D., in December of 2019. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("the *Guides*"), Dr. Grady assessed no impairment for Mr. Whited's left wrist. Regarding Mr. Whited's facial fractures, Dr. Grady found minimal facial scaring and no bony deformity or loss of function or movement in the face. Dr. Grady placed Mr. Whited in Class 1 for facial impairment under Section 9.2 of the *Guides*, which is limited to disorders of the cutaneous structures such as visible scars and abnormal pigmentation and allows for an impairment rating in the range of 0%-5%. Here, Dr. Grady assessed 3% whole person impairment, which was his final recommendation. By two orders issued on January 2, 2020, the claim administrator granted Mr. Whited a 0% PPD award for his left wrist and a 3% PPD award for his facial injuries.

Mr. Whited underwent a second IME on March 13, 2020, which was performed by Robert Walker, M.D. Using the *Guides*, Dr. Walker assessed 6% whole person impairment for the left wrist due to reduced range of motion. Regarding the facial fractures, Dr. Walker placed Mr. Whited in Class 2 for facial impairment under Section 9.2 of the *Guides*, which relates to loss of supporting structure of part of the face, such as depressed cheek, nasal, or frontal bones. Class 2 allows for an impairment rating in the range of 5%-10%, and Dr. Walker found Mr. Whited to have a 10% impairment due to hardware insertion and bone grafting to repair the facial fractures. Using the combined values chart, Dr. Walker recommended a total of 15% whole person impairment.

Subsequently, Mr. Whited and his treating physician, Mae Hyre, M.D., completed a Claim Reopening Application for Permanent Partial Disability and attached Dr. Walker's report in support.[2] Per the employer's request, Dr. Grady reevaluated Mr. Whited in November of 2020. Dr. Grady opined that "the Guides does not allow impairment specially for particular surgeries but rather for the lingering consequences such as on-going residual deformity like 'loss of supporting structure' which I do not see presently." As such, Dr. Grady opined that Mr. Whited's impairment was encompassed within the criteria for Class 1 and reiterated his opinion that Mr. Whited was entitled to a 3% whole person impairment rating for the compensable injuries. By order dated November 23, 2020, the claim administrator granted no additional PPD award based upon Dr. Grady's recommendation.

Mr. Whited underwent another IME on April 26, 2021, which was performed by Michael Kominsky, D.C. Using the *Guides*, Dr. Kominsky assessed 4% whole person impairment for the left wrist due to reduced range of motion. Rather than rating Mr. Whited under the criteria for facial impairment, Dr. Kominsky rated Mr. Whited's facial injuries under Table 2 for impairment for skin disorders. Dr. Kominsky placed Mr. Whited in Class

---

[2] Mr. Whited had failed to timely protest the claim administrator's January 2, 2020, orders awarding him a 3% PPD award and, therefore, sought to reopen the claim.

2, which applies when signs and symptoms of the skin disorder are present or intermittently present, there is limitation in the performance of some of the activities of daily living, and intermittent to constant treatment may be required. Class 2 allows for an impairment rating in the range of 10%-14%. Dr. Kominsky assessed 10% whole person impairment on the basis of Mr. Whited's multiple post-traumatic scars and facial disfigurement. After applying the combined values chart, Dr. Kominsky recommended a total impairment rating of 14%.

On October 13, 2021, Mr. Whited underwent another IME, which was performed by Prasadarao Mukkamala, M.D. Using the *Guides*, Dr. Mukkamala found no impairment in the left wrist, as range of motion testing was normal. Regarding the facial injuries, Dr. Mukkamala placed Mr. Whited in Class 1 for facial impairment under Section 9.2 of the *Guides* because he noted no deformity, disfigurement, asymmetry, or loss of supporting structures. Dr. Mukkamala assessed 3% whole person impairment for the facial injuries, which was his final recommendation.

Mr. Whited underwent an IME on December 15, 2021, which was performed by Syam Stoll, M.D. Using the *Guides*, Dr. Stoll found Mr. Whited to have no impairment for the left wrist as range of motion testing was normal. Regarding the facial injuries, Dr. Stoll also placed Mr. Whited in Class 1 for facial impairment under Section 9.2 of the *Guides*. Dr. Stoll found no deformity or loss of facial structure but did note scarring on Mr. Whited's face as a result of his surgeries. As such, Dr. Stoll assessed 5% whole person impairment for "scars and internal facial fracture repairs."

Dr. Stoll also opined that the recommendations of Dr. Walker and Dr. Kominsky were not supported by the objective medical evidence. For instance, Dr. Stoll stated that Dr. Walker's assessment of 10% whole person impairment for facial injuries was inflated because Mr. Whited did not meet the criteria for Class 2 for facial injuries under Section 9.2. Dr. Stoll stated Mr. Whited had no depressed cheek, nasal, or frontal bones. Dr. Stoll further noted that Dr. Walker's impairment rating for the left wrist was not supported by the medical evidence, as the fracture was treated non-operatively and would not have resulted in a 6% impairment. Dr. Stoll noted that, interestingly, Mr. Whited's wrist showed no range of motion deficits in his own evaluation, despite the fact that Mr. Whited had extensive preexisting injuries with two fractures and "pre-claim ORIF [open reduction and internal fixation] with hardware placement." As to Dr. Kominsky, Dr. Stoll opined that his recommendation was likewise inflated.

Dr. Mukkamala authored a supplemental report dated June 30, 2022, wherein he stated he had reviewed additional medical evidence. Dr. Mukkamala stated his findings were similar to those of Drs. Grady and Stoll. He further opined that the findings of Dr. Walker and Dr. Kominsky were not supported by the photographs taken during Dr. Stoll's evaluation, which showed no asymmetry, disfigurement, or adverse cosmetic result in the face. According to Dr. Mukkamala, Dr. Kominsky had also used the wrong methodology

3

in rating Mr. Whited's facial impairment. Lastly, Dr. Mukkamala noted no range of motion issues with Mr. Whited's wrist but stated if Mr. Whited had sustained a left wrist impairment, Dr. Walker and Dr. Kominsky should have apportioned for the prior injuries. However, because he, Dr. Grady, and Dr. Stoll had found no impairment, they did not apportion as "one cannot apportion zero % impairment."

By order dated November 16, 2022, the Board reversed the claim administrator's order and granted Mr. Whited a 5% PPD award in accordance with Dr. Stoll's recommendation. The Board found that the reports of Dr. Walker and Dr. Kominsky were not persuasive. Regarding the facial injuries, the Board found that Dr. Walker's decision to place Mr. Whited in Class 2 for facial injuries under Section 9.2 was not consistent with the evidence of record. The Board noted that Drs. Stoll, Grady, and Mukkamala did not believe that Mr. Whited met the criteria for Class 2 and further noted that the photographs taken during Dr. Stoll's evaluation corroborated their findings. The Board similarly disregarded Dr. Kominsky's recommendation as "not in line with the weight of the medical evidence" and noted that he was the only physician to evaluate Mr. Whited using the skin disorder section of the *Guides*.

The Board found that Dr. Walker and Dr. Kominsky had also assessed impairment for the left wrist which was against the weight of the evidence. The Board found that the three other evaluators found no range of motion abnormalities and, moreover, Mr. Whited had suffered radial and ulnar shaft fractures in 2003 requiring open reduction and internal fixation which would have necessitated apportionment had there been an impairment. Based on the forgoing, the Board disregarded the reports of Dr. Walker and Dr. Kominsky and found that the reports of Drs. Stoll, Grady, and Mukkamala held an equal amount of evidentiary weight. Therefore, the Board resolved the claim in the manner most consistent with Mr. Whited's position pursuant to West Virginia Code § 23-4-1g(a) (2003) by reversing the claim administrator's order and granting Mr. Whited a 5% PPD award in accordance with Dr. Stoll's recommendation.[3] Mr. Whited now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the

---

[3] Pursuant to West Virginia Code § 23-4-1g(a), in part, "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted."

petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Whited argues that the Board erred in awarding a 5% PPD award in accordance with Dr. Stoll rather than adopting either a 15% PPD award as supported by Dr. Walker, or a 14% award as supported by Dr. Kominsky. According to Mr. Whited, his treating physician, Dr. Hyre, was in the best position to evaluate his condition and she agreed with Dr. Walker's assessment. Mr. Whited argues that neither Dr. Grady nor Dr. Mukkamala took into consideration the significance of the plates and grafts that were required to "reconstruct [his] face" and that, as such, their evaluations resulted in artificially low impairment ratings. With regard to the left wrist injury, Mr. Whited avers that Dr. Walker and Dr. Kominsky obtained similar measurements in range of motion testing. As such, Mr. White contends that Dr. Walker and Dr. Kominsky, along with Dr. Hyre, "best accounted for all impairments" and their opinions should constitute "the greater weight of the credible, medical evidence."

Upon our review, we find that Mr. Whited failed to demonstrate that the Board's findings and conclusions were clearly wrong. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 2, *Stewart v. W. Va. Bd. of Exam'rs for Registered Pro. Nurses*, 197 W. Va. 386, 475 S.E.2d 478 (1996) (citations omitted). With this high standard in mind, we are unable to conclude that the Board erred in granting Mr. Whited a 5% PPD award in accordance with Dr. Stoll's opinion.

The Board found that the recommendations of Dr. Walker and Dr. Kominsky were unpersuasive. As noted by Drs. Stoll, Mukkamala, and Grady, Mr. Whited did not meet the criteria of a Class 2 facial impairment under Section 9.2 of the *Guides*. The Board noted that their opinions were corroborated by the photographs of Mr. Whited's face that were taken by Dr. Stoll during his evaluation. As such, Mr. Whited fell squarely within the criteria for Class 1, which allowed for an impairment rating in the range of 0%-5%, as recommended by Drs. Stoll, Mukkamala, and Grady. Further, regarding the wrist, Dr.

Walker and Dr. Kominsky were the only evaluators to find range of motion abnormalities. Drs. Stoll, Mukkamala, and Grady found normal range of motion testing and no impairment, and the Board found that their evaluations were more persuasive. Moreover, the Board noted that, even had there been some sort of impairment in Mr. Whited's left wrist, apportionment would have been necessary given his significant history of injury in that wrist, and both Dr. Walker and Dr. Kominsky failed to apportion for such injury. Given the evidence before us, we conclude that the Board did not clearly err in granting the 5% PPD award, and Mr. Whited is entitled to no relief in this regard.

Accordingly, we affirm.

Affirmed.

**ISSUED:** June 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

6