# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**GAYLA ADKINS,**
**Claimant Below, Petitioner**

**FILED**
**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-197**          (JCN: 2020009859)

**BRIGHTSPRING HEALTHCARE SERVICES,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Gayla Adkins appeals the April 20, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent BrightSpring Healthcare Services ("BrightSpring") filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted Ms. Adkins a 7% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 11, 2019, Ms. Adkins completed an Employees' and Physicians' Report of Occupational Injury form, indicating that she was injured while walking to her office when she tripped over a strip on the floor and fell. The physician's section contained a diagnosis of proximal femur fracture and indicated that the condition was the direct result of an occupational injury. By order dated November 5, 2019, the claim administrator held the claim compensable for "Fracture of unspecified part of neck of left femur, initial encounter for closed fracture." Ms. Adkins underwent two subsequent surgeries to address the fracture.

When the time came to assess Ms. Adkins for PPD, she was evaluated by four physicians. Joseph Grady, M.D., conducted an independent medical evaluation ("IME") of Ms. Adkins on November 10, 2020, and assessed no permanent impairment related to the compensable injury.

---

[1] Petitioner is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Respondent is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

On September 27, 2021, Michael Kominsky, D.C., performed an IME of Ms. Adkins. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Kominsky assessed 2% whole person impairment ("WPI") for left hip flexion, 2% WPI for external rotation, and 4% WPI for abduction, which totaled 8% WPI. Dr. Kominsky also assessed 4% WPI for a varus deformity of Ms. Adkins' left hip, which resulted in a 1.5 centimeter shortening of the left leg and required that she wear custom-made orthotic shoes. In total, Dr. Kominsky assessed 12% WPI.

Prasadarao Mukkamala, M.D., performed an IME of Ms. Adkins on February 7, 2022. Using the *Guides*, Dr. Mukkamala assessed 2% WPI for loss of range of motion in the hip, 2% WPI for a 2-centimeter difference in the length of her leg, and 3% WPI due to weakness in the left foot. In total, Dr. Mukkamala assessed 7% WPI attributable to the compensable injury. Based on Dr. Mukkmala's report, the claim administrator granted Ms. Adkins a 7% PPD award. Ms. Adkins protested this order to the Board.

On June 6, 2022, Bruce Guberman, M.D., performed an IME of Ms. Adkins. Upon examination, Dr. Guberman noted the following range of motion measurements: eight degrees internal rotation and twenty-five degrees external rotation. Dr. Guberman also found a 2-centimeter difference in the length of Ms. Adkins' leg. Regarding an impairment rating, Dr. Guberman assessed 4% WPI "based on an external rotation of 8 degrees," 2% WPI for the 2-centimeter difference in the length of her leg, and 3% WPI for weakness in the left foot, for a total of 9% WPI. Because Ms. Adkins had already received a 7% award, Dr. Guberman recommended an additional 2% WPI.

By order dated April 20, 2023, the Board affirmed the claim administrator's order granting Ms. Adkins a 7% PPD award in accordance with Dr. Mukkamala's recommendation. The Board found that the recommendations of Drs. Grady, Kominsky, and Guberman were unpersuasive. Specifically, the Board disregarded Dr. Grady's recommendation of 0% impairment, finding that no other evaluator had opined that there was no permanent impairment resulting from Ms. Adkins' compensable injury and that his assessment was not in line with the weight of the medical evidence. The Board disregarded Dr. Kominsky's recommendation because he was the only evaluator to find range of motion abnormalities in left hip abduction and flexion.

Regarding Dr. Guberman, the Board disregarded his recommendation because his report was unclear. The Board explained that in the examination section of his report, Dr. Guberman noted range of motion measurements of eight degrees internal rotation and twenty-five degrees external rotation. However, in discussing impairment ratings, Dr. Guberman stated he was recommending 4% WPI due to a range of motion measurement of eight degrees external rotation. The Board found that it was unclear whether Dr. Guberman meant to assign 4% WPI for internal or external rotation and that, if it was

external rotation, he was the only evaluator of record to find more than 2% impairment for external rotation.

The Board concluded that Dr. Mukkamala's assessment was the most consistent with the medical evidence and that his evaluation had been properly conducted in accordance with the *Guides*. As such, it affirmed the claim administrator's order. Ms. Adkins now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Ms. Adkins argues that the Board erred in disregarding Dr. Guberman's report over "an obvious typographical error." Ms. Adkins points out that, when noting his measurements, Dr. Guberman indicated eight degrees for left hip internal rotation but, when providing an impairment rating, mistakenly noted eight degrees for external rotation. Ms. Adkins further points out that Table 40 of the *Guides*, which deals with hip motion impairments, provides for 4% WPI for eight degrees of internal rotation, which is what Dr. Guberman recommended. According to Ms. Adkins, "it is clear that Dr. Guberman's report simply contained a typographical error" and that holding his entire report to be unpersuasive was unreasonable.

Ms. Adkins argues that, even if excluding Dr. Guberman's report was appropriate, the Board should have awarded her a PPD award in accordance with Dr. Kominsky's report. Ms. Adkins argues that his report was not flawed in any way and that the Board did not make any findings as to how his report did not comply with the *Guides*. According to

3

Ms. Adkins, the Board should have adopted his report as being the one most consistent with her position pursuant to West Virginia Code § 23-4-1g (2003).[2]

Upon review, we find that Ms. Adkins failed to demonstrate that the Board's findings and conclusions were clearly wrong. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 2, *Stewart v. W. Va. Bd. of Exam'rs for Registered Pro. Nurses*, 197 W. Va. 386, 475 S.E.2d 478 (1996) (citations omitted). With this high standard of review in mind, we are unable to conclude that the Board erred in awarding Ms. Adkins a PPD award in accordance with Dr. Mukkamala's recommendation.

First, we find no error in the Board's decision to disregard Dr. Guberman's report on the basis that it was unclear. Ms. Adkins is correct that Dr. Guberman's measurements indicate that he found eight degrees for internal rotation and that, per the *Guides*, a 4% WPI rating is appropriate for a measurement of eight degrees for internal rotation. However, even if we presume that Dr. Guberman mistakenly wrote "external rotation" when he really meant "internal rotation," his report still contains a critical error because he should have provided an impairment rating for his external rotation measurements in addition to his internal rotation measurements. Said another way, the *Guides* provide for an impairment rating of 4% WPI based on Dr. Guberman's eight-degree internal rotation measurement and 2% WPI based on his twenty-five-degree external rotation measurement, but he only recommended 4% WPI for internal rotation. As noted by the Board, Dr. Guberman's report is unclear as to whether he made a typographical error or erroneously attributed more impairment to his external rotation measurements than he should have based on the *Guides*. Ms. Adkins' arguments ask this Court to speculate as to Dr. Guberman's state of mind and we simply cannot do so.

Second, we find no error in the Board's determination that Dr. Kominsky's recommendation was unpersuasive based on his left hip measurements for abduction and flexion. Specifically, Dr. Kominsky found 13 degrees for left hip abduction, which was significantly different from the measurements taken by the other evaluators. Moreover, the Board did not find that the reports of Dr. Kominsky and Dr. Mukkamala were of equal evidentiary weight and, as such, Ms. Adkins is not entitled to the matter being resolved in her favor pursuant to West Virginia Code § 23-4-1g.

---

[2] Pursuant to West Virginia Code § 23-4-1g(a), in part, "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted."

Lastly, neither party contests the Board's finding that Dr. Grady's recommendation was an outlier and was not persuasive. Given the Board's findings, we cannot find that it erred in awarding a 7% PPD award in accordance with Dr. Mukkamala's recommendation. Accordingly, we affirm the Board's April 20, 2023, order.

Affirmed.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating

5